IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN L. LOZADA,  )
            Plaintiff,  )
  -vs-  )  Civil Action No. 18-235
ANDREW M. SAUL,[1]  )
COMMISSIONER OF SOCIAL SECURITY,  )
            Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 7 and 10). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 8 and 11). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion (ECF No. 7) and denying Defendant's Motion for Summary Judgment. (ECF No. 10).

**I. BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her applications for supplemental security income and disability insurance benefits pursuant to the Social Security Act. Administrative Law Judge ("ALJ"), Stephen Cordovani, held a video hearing on July 10, 2017. (ECF No. 7-6, p. 26-59). On September 22, 2017, the ALJ issued an unfavorable decision. (ECF No. 5-2, pp. 15-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 7 and 10). The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Step 2 - Severe Impairment

Plaintiff first argues that the ALJ erred in his analysis of her fibromyalgia when he stated that "there is no definitive diagnosis of fibromyalgia." (ECF No. 8, pp. 12-14, citing No. 5-2, p. 19). Continuing on, Plaintiff essentially contends that the ALJ's failure to evaluate her limitations infected the rest of the sequential evaluation. *Id.* at pp. 12-14, 19-20. Therefore, Plaintiff submits that remand is warranted. *Id.* After a review of the record, I agree.

At step two of the analysis, an ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that is severe. 20 C.F.R. §416.1420(a). Importantly, the mere existence of a diagnosis or an abnormal reading does not equate to a severe impairment. *Phillips v. Barnhart,* 91 Fed. Appx. 775, 780 (3d Cir. March 10, 2004). The question of severity relies not on the particular condition, but on the limitations stemming from that condition. *Id.* To be clear, an impairment is not severe if it does not significantly limit the physical or mental ability to do basic work activities and/or does not last or

3

is not expected to last for a continuous period of at least 12 months. 20 C.F.R. §416.920(c), §416.921(a); §416.909, 42 U.S.C. §423(d). If a claimant is found to have a severe impairment, then the ALJ proceeds to the next step. 20 C.F.R. §416.920(a).

Fibromyalgia "is a complex medical condition characterized primarily by widespread pain in the joints, muscles, tendons, or nearby soft tissues that has persisted for at least 3 months." SSR 12-2p. There is no question that fibromyalgia, an elusive problem, poses special circumstances in the social security arena. According to SSR 12-2p, there are two ways to determine if a person has a medically determinable impairment of fibromyalgia: 1) The 1990 American College of Rheumatology (ACR) Criteria, and 2) The 2010 ACR Preliminary Diagnostic Criteria. Both of these methods require a history of widespread pain and evidence that other disorders that could cause the symptoms or signs were excluded. SSR 12-2p.

At step 2 in this case, the ALJ found that Plaintiff had various severe impairments. (ECF No. 5-2, p. 18). The ALJ, however, found Plaintiff's fibromyalgia was not severe. (ECF No. 5-2, pp. 18-19). In so doing, the ALJ specifically found that "there is no definitive diagnosis of fibromyalgia" and that "[t]he closest manifestation of a medical diagnosis is contained in progress notes…." *Id.* at 19. After a review of the record, I find this is an incorrect statement. On January 10, 2017, a residual functional capacity (RFC) questionnaire was completed and signed by both Dr. Shenberger and Ms. Van Ord, the treating nurse practitioner. (ECF No. 5-35, pp. 3-7). The second question on that form states, "Does your patient meet the American College of Rheumatology criteria for fibromyalgia?" *Id.* at p. 3. The "Yes" box is checked in response to that question. *Id.* Thus, the ALJ's statement that Plaintiff did not have a definitive diagnosis of fibromyalgia is incorrect.

Furthermore, in assessing Plaintiff's fibromyalgia, the ALJ states that "[t]he claimant complained primarily of extreme pain in her fingers that spread into upper arm and into her spine.

4

Fibromyalgia does not explain the symptoms." *Id.* I am baffled by this assertion. As noted above, wide-spread pain throughout the body is a symptom of fibromyalgia. SSR 12-2p. Based on the above, I find cannot find that the ALJ's findings in this regard are supported by substantial evidence.[2]

Typically, at step 2 when an ALJ finds at least one impairment to be severe and continues on with the analysis, the failure to find an impairment severe is harmless because the Claimant is not denied benefits at step two. *Salles v. Commissioner of Social Sec.,* 229 Fed.Appx. 140, 144-145, n. 2, 2007 WL 1827129 (3d Cir. 2007); *Sheeler v. Astrue*, No. 08-64J, 2009 WL 789892, 4 - 5 (W.D.Pa. March 24, 2009); *Hanke v. Astrue, No. 12-2364,* 2012 WL 6644201, *4 (7th Cir. Dec. 21, 2012). Rather, the ALJ proceeded beyond step 2. In so doing, an ALJ makes a residual functional capacity (RFC)[3] determination taking into consideration all impairments, including any impairment that is not severe. Thus, an ALJ will proceed to consider a plaintiff's severe and non-severe impairments in the evaluation process in determining a plaintiff's RCF.

In this case, the ALJ found other impairments to be severe and proceeded to the next steps and, thus, Plaintiff was not denied benefits at step 2. (ECF No. 5-2, pp. 19-30). The error in this case, however, is not harmless. At step 5, despite acknowledgement that he must consider all evidence and all symptoms, both severe and non-severe, the ALJ's discussion of

---

[2]I note that Defendant proffered *post hoc* rationalizations for the ALJ's opinion. It is well established that "[t]he grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based." *SEC v. Chenery Corp.,* 318 U.S. 80, 87 (1943). As such, "'[t]he ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision;' the Commissioner may not offer a post-hoc rationalization." *Keiderling v. Astrue,* No. Civ.A. 07–2237, 2008 WL 2120154, at *3 (E.D.Pa. May 20, 2008) (quoting *Newton v. Apfel,* 209 F.3d 448, 455 (5th Cir.2000)); *See, Fargnoli v. Massanari,* 247 F.3d 34, 44 n. 7 (3d Cir.2001). As a result, I will not consider such rationalizations.

[3]RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a).

Plaintiff's fibromyalgia is scant. (ECF No. 5-2, pp. 24, 26). *Id.* He again notes that Plaintiff has "no definitive diagnosis of fibromyalgia." (ECF No. 5-2, p. 23). Furthermore, while the ALJ mentions Exhibit 41F (ECF No. 5-35, pp. 3-7)), which contains the RFC questionnaire, he gives it little weight, *inter alia,* because "the record does not support a medical diagnosis of fibromyalgia." (ECF No. 5-2, p. 26). And yet, as mentioned above, Dr. Shenberger, diagnosed her with fibromyalgia. (ECF No. 5-35, p. 2). Based on the same, I find the ALJ's error at step 2 infiltrated the remaining parts of the sequential analysis and cannot be considered harmless. Therefore, I find that remand on this basis is warranted.

Since I am remanding, I need not discuss the other issues raised by Plaintiff as the case shall be reviewed *de novo.* Nonetheless, I point out a couple of issues that I find troubling and should be addressed on remand. First, Plaintiff suggests that the ALJ does not mention or accord any weight to the observations and opinions of Dr. Shaffer, her chiropractor. (ECF No. 8, p 16). While the ALJ made one statement that she receives chiropractic treatment (ECF No. 5-2, p. 19), Plaintiff is correct that the ALJ never addresses Dr. Shaffer's opinions set forth in Exhibit 54F. (ECF No. 5-33, pp. 17-19). A chiropractor is considered to be an "other source." 20 C.F.R. §§416.913(d)(1), 404.1513(d)(1). Information from "other sources" may be used to show the severity of an impairment and how it affects a claimant's ability to work, insofar as it is relevant. 20 C.F.R. §§416.913(d), 404.1513(d). While the ALJ need only discuss the most pertinent, relevant evidence bearing upon a claimant's disability status, he must provide sufficient discussion to allow the court to determine whether any rejection of potentially pertinent, relevant evidence was proper. *Johnson v. Comm'r of SS,* 529 F.3d 198, 203-04 (3d Cir. 2008)). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28,

6

2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett v. Comm'r of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000), *quoting Cotter v. Harris,* 642 F.2d 700, 705 (3d Cir. 1981).

In this case, I am unable to tell if the ALJ did not review Dr. Shaffer's opinion letter, or if he rejected the same, which he is entitled to do, but then he must explain his reasoning for doing so, which he did not do. The failure by the ALJ to discuss this potentially probative and relevant evidence prohibits me from conducting a proper and meaningful review. Consequently, on remand clarification on this issue is required.

Second, the ALJ discounts Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms as not entirely consistent with the medical and other evidence in the record. (ECF No. 5-2, p. 23). "Due to the subjective nature of the diagnosis [in fibromyalgia cases], the credibility of a claimant's testimony regarding her symptoms is especially significant in the evaluation of the evidence." *Gegrory v. Berryhill,* Civ. No. 17-991, 2019 WL 643736, at *8 (Feb. 15, 2018).

> [The] cause is unknown, there is no cure, and it is poorly-understood within much of the medical community. The disease is diagnosed entirely on the basis of patients' reports of pain and other symptoms. The American College of Rheumatology issued a set of agree-upon diagnostic criteria in 1990, but to date there are no laboratory tests to confirm the diagnosis." *Benecke v. Barnhart,* 379 F.3d 587. 590 (9th Cir. 2004). In fact, fibromyalgia patients often "manifest normal muscle strength and neurological reactions and have full range of motion." *Rogers v. Comm'er of Soc. Sec.,* 486 F.3d 234, 244 (6th Cir. 2007) (*citing, Preston v. Sec. Of Health and Human Services*, 854 F.2d 815, 820 (6th Cir. 1988)).

*Lintz v. Astrue,* Civ. No. 08-424, 2009 WL 1310646, at *7 (W.D. Pa. May 11, 2009). Therefore, "in cases involving fibromyalgia…consideration of a plaintiff's subjective complaints are given an elevated importance." *McIntire v. Colvin,* 13-CV-143, 2015 WL 401007, at *41 (N.D. W.V. January 28, 2015). Furthermore, case law indicates that conservative treatment is appropriate

for fibromyalgia and surgery may not be appropriate or required. *Id.; Doychak v. Colvin,* Civ. No. 12-1654, 2013 WL 4766516, at *9 (W.D. Pa. Sept. 4, 2013).

Particularly troubling in this case is the ALJ's suggestion that there are "significant inconsistencies from her testimony" and lists as an example Plaintiff's testimony that she becomes very frustrated with her family because they do not always "pick up the ball" which causes friction. *Id.* The ALJ finds this "completely inconsistent" with her testimony that her family must do everything for her, including all household chores. *Id.* Simply because the situation makes her frustrated and causes friction does not mean or in any way infer that Plaintiff does those chores or is able to do those chores. Thus, I find the implication is entirely unfounded.

Furthermore, I find the ALJ's assertion that Plaintiff's complaints are "totally inconsistent" with her own allegations in her Function Report to be, at best, an overstatement. *Compare,* ECF No. 5-2, pp. 24-25 *with* No. 5-4, pp. 34-42. On remand, the ALJ should consider Plaintiff's full responses and should be careful not to exaggerate "inconsistencies."

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAWN L. LOZADA,   )
              )
   Plaintiff,   )
              )
 -vs-         )  Civil Action No. 18-235
              )
ANDREW M. SAUL,[4]   )
COMMISSIONER OF SOCIAL SECURITY, )
              )
   Defendant.   )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 11th day of September, 2019, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 7) is granted and Defendant's Motion for Summary Judgment (ECF No. 10) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

            BY THE COURT:

            s/ Donetta W. Ambrose
            Donetta W. Ambrose
            United States Senior District Judge

---

[4] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.